UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:17-CV-00107-GNS

HERRAN PROPERTIES, LLC                                                      PLAINTIFF

v.

LYON COUNTY FISCAL COURT, et al.                                        DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss (DN 15) and Plaintiff Herran Properties, LLC's Motion for Leave to File Amended Complaint (DN 19). As discussed below, Plaintiff's motion is **GRANTED**, and Defendant's motion is **DENIED AS MOOT**.

**I.     BACKGROUND**

The civil rights claims presented in this case arise from the procedures that Defendants[1] implemented to thwart the efforts of Plaintiff Herran Properties, LLC ("Plaintiff") to develop real property it owns in Lyon County, Kentucky. According to Plaintiff's initial Complaint, some Defendants—including the Lyon County Fiscal Court, the Lyon County Attorney, the Lyon County PVA, and the Lyon County Coroner (collectively, the "County Defendants")—believed that an abandoned cemetery exists on part of Plaintiff's property.[2] (Compl. ¶¶ 14-22, DN 1). As

---

[1] The term "Defendants" is used to refer to the following: (1) the Lyon County Fiscal Court, (2) the Lyon County Attorney, (3) the Lyon County Property Value Administrator ("PVA"), (4) the Lyon County Coroner, (5) the Kentucky State Police ("KSP"), and (6) Eric Fields, a Trooper with the KSP.
[2] Plaintiff claims that there is "no evidence of the existence of a cemetery upon [its] property." (Compl. ¶ 17).

1

such, some of the County Defendants, along with Trooper Eric Fields ("Trooper Fields") of the KSP, intruded upon Plaintiff's property without a warrant to search for gravesites. (Compl. ¶¶ 19-20). Trooper Fields and the Lyon County Coroner allegedly then signed affidavits declaring their belief that an abandoned cemetery existed on Plaintiff's property, and the Lyon County Attorney used those affidavits to obtain an *ex parte* order from the Lyon Circuit Court temporarily enjoining Plaintiff from developing its property. (Compl. ¶¶ 21-22; Aff. Ronnie Patton, DN 1-3; Aff. Eric Fields, DN 1-3). Presently, the County Defendants are seeking an order from the Lyon Circuit Court permanently enjoining Plaintiff from developing its property. (Compl. ¶ 24).

Based on this conduct, Plaintiff filed the instant action under 42 U.S.C. § 1983, alleging that the County Defendants, Trooper Fields, and the KSP violated either the Fourth or Fourteenth Amendments to the United States Constitution.[3] In particular, Plaintiff claimed that the County Defendants violated the Fourteenth Amendment when they deprived Plaintiff of the use of its property without due process, and that the Lyon County PVA and Coroner, along with the KSP and Trooper Fields, violated the Fourth Amendment when they searched Plaintiff's property without a warrant. (Compl. ¶¶ 24-35). Plaintiff listed money damages as the proper remedy for its claims, and also asked that this Court enjoin the state court proceedings. (Compl. ¶¶ 31-36).

In response, the KSP moved to dismiss the claim against it. (Def.'s Mot. Dismiss, DN 15). Specifically, the KSP argued that principles of sovereign immunity prevent it from being held liable on Plaintiff's Fourth Amendment claim. (Def.'s Mot. Dismiss 3-4).

Thereafter, Plaintiff moved the Court for leave to file an amended complaint, attaching the proposed Amended Complaint to its motion. (Pl.'s Mot. Leave File Am. Compl. & Mem.

---

[3] Plaintiff also asserted a state law claim for abuse of process, but that claim is not relevant to this order. (Compl. ¶¶ 42-48).

Law Supp., DN 19; Am. Compl., DN 19-1). In its Amended Complaint, Plaintiff proffers additional facts (presumably uncovered through discovery during the state-court proceedings) related to the existence of an abandoned cemetery on its property. (*See, e.g.*, Am. Compl. ¶ 24). Plaintiff also adds two new claims, both of which seek monetary relief: a Fifth Amendment "takings" claim against the Lyon County PVA and a claim against the KSP for failing to train Trooper Fields properly. (Am. Compl. ¶¶ 50-65).

Defendants then filed a joint response to Plaintiff's motion to amend. (Defs.' Resp. Pl.'s Mot. Leave Am. Compl., DN 20 [hereinafter Defs.' Resp.]). Defendants argue that this Court should not grant Plaintiff leave to amend because, if it does, the County Defendants will be unduly prejudiced. (Defs.' Resp. ¶¶ 2-5). Defendants also claim that the Eleventh Amendment bars the claims Plaintiff asserts against the KSP in its proposed Amended Complaint, and, as such, granting leave so as to include such claims would be futile. (Defs.' Resp. ¶ 6).

## II.     JURISDICTION

This action arises under the laws of the United States and the Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

## III.    DISCUSSION

### A.     Plaintiff's Motion for Leave to Amend the Complaint

Plaintiff seeks this Court's permission to amend its initial complaint. Fed. R. Civ. P. 15(a)(2) provides that "a party may amend its pleading only with the . . . the court's leave." Although Rule 15(a)(2) states that "[t]he court should freely give leave when justice so requires," the Court may deny leave to amend on the basis of undue delay, bad faith by the moving party, undue prejudice to the non-moving party, or futility of the proposed new claim. *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) (citation omitted).

Here, Defendants—and more specifically, the KSP—argue that Plaintiff should not be granted leave insofar as Plaintiff seeks leave to assert the claims against KSP listed as Counts II and VI of its proposed amended complaint.[4] (Defs.' Resp. ¶ 6). In particular, Defendants assert the Eleventh Amendment bars those claims because each seeks monetary damages which would ultimately be paid from public funds, and, therefore, granting Plaintiff leave to amend and allowing Plaintiff to present those claims would be futile.

While the Court agrees that KSP may be entitled to Eleventh Amendment immunity from claims seeking monetary relief, it does not render the proposed Amended Complaint futile in its entirety as to all claims and for claims asserted against other non-immune parties. Accordingly, the Court will permit the filing of the Amended Complaint, the parties may challenge the claims asserted by appropriate motion.

### B. <u>KSP's Motion to Dismiss</u>

The other motion pending before this Court is the KSP's Motion to Dismiss Count II of Plaintiff's initial Complaint. Because the Amended Complaint subsumes the allegations in the original Complaint, the Court will deny this motion as moot. *See Cedar View, Ltd. v. Colpetzer*, No. 5:05-CV-00782, 2006 WL 456482, at *5 (N.D. Ohio Feb. 24, 2006).

---

[4] Defendants also assert that Plaintiff should not be permitted to amend the Complaint because: (1) Defendants disagree with Plaintiff's characterization of factual allegations in its proposed Amended Complaint, and (2) amending the Complaint would force Defendants to engage in additional discovery, thereby unduly prejudicing them. (*See* Defs.' Resp. ¶¶ 4-5). Neither argument is persuasive. Disagreement about whether an alleged fact is true is not a basis to deny leave. The "need for new discovery is not sufficient to constitute undue prejudice on its own." *See Duling v. Gristede's Operating Corp.*, 265 F.R.D. 91, 100 (S.D.N.Y. 2010) (citations omitted). Thus, the Court will not deny leave on these grounds.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. Plaintiff's Motion for Leave to File an Amended Complaint (DN 19) is **GRANTED**, and the Amended Complaint shall be entered.

2. Defendant's Motion to Dismiss (DN 15) is **DENIED AS MOOT.**

**Greg N. Stivers, Judge
United States District Court**

December 13, 2017

cc: counsel of record