UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:17-CV-00107

HERRAN PROPERTIES, LLC,                                              PLAINTIFF

v.

LYON COUNTY FISCAL COURT, et al.,                                    DEFENDANTS

**Memorandum Opinion & Order**

This matter comes before the Court on Motion by Defendant Commonwealth of Kentucky, Department of Kentucky State Police, ("KSP"), to dismiss the claims brought against it by Plaintiff Herran Properties, LLC, ("Plaintiff"). [DN 27.] Plaintiff has responded, [DN 33], and KSP has replied. [DN 35.] This matter is ripe for adjudication and, for the reasons that follow, **IT IS HEREBY ORDERED** that KSP's Motion, [DN 27], is **GRANTED**.

**A. Background**

Plaintiff is a Kentucky Limited Liability Company located in Kentucky. [DN 23, at 2.] On June 30, 2017, it instituted this lawsuit, suing the following Defendants: the Lyon County (Kentucky) Fiscal Court, the Lyon County Attorney, the Lyon County Property Valuation Administrator (PVA), the Lyon County Coroner, KSP, and KSP Trooper Eric Fields. [*See* DN 1.] The case arises out of Plaintiff's purchase of a "7.3 acre tract of commercially zoned real estate, located in Lyon County, Kentucky…." [DN 23, at 4.] Plaintiff's stated purpose for buying the land was to develop it commercially. [*Id.*] "Prior to and immediately after the Plaintiff's purchase of the subject property, adjacent property owners contacted the managing member and owner of the Plaintiff, Wesley Herran, advising [him] of the" supposed "existence of a one hundred fifty (150) year old abandoned cemetery" on the recently-purchased property. [*Id.*]

1

According to Plaintiff, in its deed, as well as "the deeds in the Plaintiff's chain of title," there is "no reference, mention or suggestion of any cemetery," nor are there any "physical markers, headstones, monuments, fences, or other visible indications of any cemetery or burial site located upon the Plaintiff's property." [*Id.*]

Plaintiff commenced the commercial development of the property, at which time he was ordered to cease and desist, apparently due to the possible existence of the abandoned cemetery on the property. [*Id.* at 5.] "Plaintiff subsequently discovered that on or after March 21, 2017, the Lyon County PVA, Christie Cruce, Lyon County [Coroner], Ronnie Patton, and KSP Trooper Eric Fields, along with other persons…entered the Plaintiff's real estate for the purpose of 'witching'[1] and/or searching for skeletal remains, headstones, or other evidence of a cemetery or burial ground." [*Id.*] Thereafter, the Lyon County Attorney sought and was granted "a temporary injunction to prevent the Plaintiff from developing the property for a period of no less than sixty (60) days." [*Id.*] According to Plaintiff, because of the injunction it was "unable to develop its real estate during the prime construction months of 2017, and has incurred substantial damage to its property rights without due process or compensation." [*Id.* at 6.]

KSP filed the instant motion to dismiss all claims against it on the basis of Eleventh Amendment sovereign immunity. [DN 27.] Plaintiff has laid out claims against KSP for unlawful search and seizure under the Fourth Amendment and 42 U.S.C. § 1983, arguing that Trooper Fields, along with others, entered Plaintiff's property without any legal right to do so, thereby violating Plaintiff's constitutional rights. [DN 23, at 7-8.] Moreover, Plaintiff claims that KSP "failed to adequately train and instruct…Trooper Eric Fields…on how to lawfully conduct a search in accordance with the rights and protections afforded to the Plaintiff by the 4th

---

[1] Plaintiff describes the act of "witching" as "consisting of holding a Y-shaped stick outward from ones person" and, apparently, scanning the ground for signs of skeletal remains. [DN 23, at 5.]

Amendment and 14th Amendment of the Constitution of the United States." [*Id.* at 12.] KSP argues that these claims are barred by the Eleventh Amendment and, accordingly, must be dismissed. The merits of these arguments are discussed below.

## B. Legal Standard

Under Federal Rule of Civil Procedure 8(a)(2), every plaintiff's complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." "Rule 12(b)(6) provides that a complaint may be dismissed for failure to state a claim upon which relief can be granted." *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998). "When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tennessee*, 188 F.3d 687, 691 (6th Cir. 1999). In other words, "unless it can be established beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," the motion should be denied. *Achterhof v. Selvaggio*, 886 F.2d 826, 831 (6th Cir. 1989). "However, the Court need not accept as true legal conclusions or unwarranted factual inferences." *Blakely v. United States*, 276 F.3d 853, 863 (6th Cir. 2002). A "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Andrews v. Ohio*, 104 F.3d 803, 806 (6th Cir. 1997).

Further, even though a "complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Therefore, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative

level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* The concept of "plausibility" indicates that a complaint should contain sufficient facts "to state a claim to relief that is plausible on its face." *Id.* at 570. The plausibility element is satisfied "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Conversely, where the court cannot "infer more than the mere possibility of misconduct, the complaint has alleged—but has not show[n]—that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted).

### C. Discussion

In the instant Motion, KSP has moved for the dismissal of all claims brought by Plaintiff against it, arguing that it is entitled to sovereign immunity and, consequently, Plaintiff's suit against it is barred.

#### 1. Eleventh Amendment Immunity Standard

The Eleventh Amendment provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. And "[a]lthough by its terms the Amendment applies only to suits against a State by citizens of another State,…[courts] have extended the Amendment's applicability to suits by citizens against their own States." *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 363 (2001) (citations omitted). As the Supreme Court has explained, "[t]he ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." *Id.* (citations omitted). Likewise, it is "well settled that the Eleventh Amendment bars federal court actions against the agencies and departments of

the state, as well as the state itself." *Scott v. Michigan*, 173 F. Supp. 2d 708, 713 (E.D. Mich. 2001) (internal quotation marks and citations omitted). Relatedly, the Amendment bars "claims brought against state employees in their official capacity because 'a suit against a state officer in his or her official capacity is tantamount to a suit against the state itself.'" *Id.* (quoting *Haddad v. Fromson*, 154 F. Supp. 2d 1085, 1091 (W.D. Mich. 2001)). "This jurisdictional bar applies regardless of the nature of the relief sought." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (citing *Missouri v. Fiske*, 290 U.S. 18, 27 (1933)).

"There are three exceptions to a State's sovereign immunity," which are: "(a) when the State has consented to suit; (b) when the exception first set forth in *Ex parte Young*, 209 U.S. 123 (1908), applies; and (c) when Congress has properly abrogated a State's immunity." *S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 507 (6th Cir. 2008) (citing *Kovacevich v. Kent State Univ.*, 224 F.3d 806, 817 (6th Cir. 2000)).

**2. Analysis**

In the instant Motion, KSP argues that it is entitled to sovereign immunity under the Eleventh Amendment and, because (1) it has not consented to being sued, (2) the *Ex parte Young* exception does not apply, and (3) its immunity has not been abrogated by Congress, the claims asserted by Plaintiff against it must be dismissed. [*See* DN 27, at 4-5.] Conversely, Plaintiff in its Response argues that "[t]he Eleventh Amendment…should not be allowed to shield the Defendant [KSP] for their failure to adequately train and supervise KSP Detective Eric Fields," and that KSP's "failure to adequately train…Fields allowed him to either knowingly or unknowingly enter into a conspiracy with Lyon County, Kentucky, public officials to deprive the Plaintiff of [its] constitutional rights." [DN 33-1, at 5.]

In the first instance, it is helpful to clarify that KSP has not consented to being sued in this case, [DN 35, at 2], something with which Plaintiff has agreed. [DN 33-1, at 4.] Second, there have been no allegations made that Congress has in any way abrogated any sovereign immunity that may apply here. Thus, the two principal questions this Court must resolve are (1) whether KSP is entitled to sovereign immunity and, relatedly, (2) whether the *Ex parte Young* exception applies.

KSP is entitled to sovereign immunity. Recently, in 2015, the District Court for the Eastern District of Kentucky faced the same issue, and held that Eleventh Amendment sovereign immunity extended to KSP. *See Baughman v. Brooks*, No. 5:15-cv-29, 2015 WL 3916150, at *2 (E.D. Ky. Jun. 25, 2015) (dismissing all federal claims against KSP after holding that KSP was entitled to the protections afforded by the Eleventh Amendment). The district court's analysis in that case was sound and, accordingly, Plaintiff's constitutional claims (Counts II and VI of the Amended Complaint) shall be dismissed here.

There is the additional question of Plaintiff's allegations that KSP failed to adequately train Trooper Fields. [*See* DN 23, at 12.] Although subsumed in Count VI, which is titled "unlawful search and seizure – 4th Amendment and 42 U.S.C. § 1983," Plaintiff makes allegations that could conceivably be construed as a common law claim for failure to train. Therefore, in the interest of completeness, the Court will also address this issue. *Baughman* provides guidance on the question of any common law claim Plaintiff may have stated against KSP:

> The Kentucky State Police are also entitled to immunity on Plaintiff's state law claims. Under Kentucky law, '[a] state agency is entitled to immunity from tort liability to the extent that it is performing a governmental as opposed to a proprietary function.' *Yanero v. Davis*, 65 S.W.3d 510, 519 (Ky. 2001) (noting that governmental immunity and sovereign immunity are used interchangeably by Kentucky courts). The Kentucky State Police is tasked with enforcement of the

> law, a governmental function, and is, thus, entitled to immunity. *See Gaither v. Justice & Pub. Safety Cabinet*, 447 S.W.3d 628, 633 (Ky. 2014); *see also Allen v. Booth*, No. CIV.A. 08-135, 2008 WL 4829875, at *2 (E.D. Ky. Nov. 5, 2008).

*Baughman*, 2015 WL 3916150, at *2. Thus, to the extent that Plaintiff has herein made a claim for failure to train under Kentucky common law, this claim, too, must be dismissed on the basis of sovereign immunity.

The second question for this Court's consideration is whether, notwithstanding the fact that KSP is entitled to sovereign immunity, the *Ex parte Young* exception applies, thereby preventing the dismissal of Plaintiff's claims against KSP. "Under the *Ex parte Young* exception, a federal court can issue prospective injunctive and declaratory relief compelling a state official to comply with federal law…, regardless of whether compliance might have an ancillary effect on the state treasury." *S & M Brands*, 527 F.3d at 507 (citations omitted). Stated differently, the *Ex parte Young* exception "allow[s] federal courts to enjoin state officers in their official capacity from *prospectively* violating a federal statute or the Constitution." *Michigan Corr. Org. v. Michigan Dept. of Corr.*, 774 F.3d 895, 904 (6th Cir. 2014) (citations omitted). "The exception rests on the theory that, at least for purposes of prospective relief, a state official who violates federal law is 'stripped of his official or representative character.'" *Id.* (quoting *Virginia Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 254 (2011)). Crucially though, "[i]n order to fall within the…exception, a claim must seek prospective relief to end a *continuing violation* of federal law." *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1047 (6th Cir. 2015) (internal citations omitted) (emphasis added).

In its Response to the instant Motion, Plaintiff identifies the *Ex parte Young* exception, and argues that it "has alleged sufficient allegations and supporting evidence to show '…a plausible inference of wrongdoing.'" [DN 33, at 6 (quoting *16630 Southfield Ltd. P'ship v.*

*Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013).] However, in arguing that the *Ex parte Young* exception applies, Plaintiff fails to take into account the fact that KSP is not a state official. *See Kentucky Mist Moonshine, Inc. v. Univ. of Kentucky*, 192 F. Supp. 3d 772, 784 (E.D. Ky. 2016) (explaining that "*Ex parte Young* applies only to state officials" and so the exception did not apply plaintiff's claim against the University of Kentucky.). Rather, KSP is properly categorized as "an 'arm' of the 'state' for purposes of Eleventh Amendment immunity." *See id.* at 780 (citing *Hutsell v. Sayre*, 5 F.3d 996, 999 (6th Cir. 1993)). Thus, the *Ex parte Young* exception does not apply, KSP's immunity protections remain intact and, consequently, Plaintiff's claims against it are barred by the Eleventh Amendment and must be dismissed.

### D. Conclusion

For the reasons stated in this Memorandum Opinion, and the Court being otherwise sufficiently advised, **IT IS HEREBY ORDERED** that KSP's Motion, [DN 27], is **GRANTED**.

All claims against KSP are hereby dismissed and the Clerk is directed to **REMOVE** KSP as a Defendant in this case.[2]

**IT IS SO ORDERED**.

cc: Counsel of Record.

---

[2] KSP is listed in the Record as "Commonwealth of Kentucky *doing business as* Kentucky State Police."